IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENNETH EARL ROBERSON, | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00037 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| JOHN DOE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Earl Roberson, a pro se inmate, filed a civil complaint and an application to proceed as a pauper. The Court granted Plaintiff pauper status, found that the Complaint did not allege sufficient facts to state a claim, and allowed Plaintiff a chance to address this deficiency by filing an Amended Complaint. (Doc. No. 4.) Plaintiff did so. (Doc. No. 5, "Amended Complaint") The Amended Complaint is before the Court for initial review under the Prison Litigation Reform Act. And as explained below, this case will be dismissed for failure to state a claim.

**I.      Initial Review**

The Court must review and dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). And because Plaintiff is representing himself, the Court must hold the Amended Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

        A.      Allegations

The Amended Complaint form does not include any meaningful factual allegations, but it does incorporate an attached "statement of facts." (*See* Doc. No. 5 at 12.) These incorporated

allegations concern Plaintiff's efforts to have documents notarized at the Montgomery County Jail ("Jail") in Clarksville, Tennessee. As Defendants, the Amended Complaint names three Jail officials: Sergeants Flippin, Collins, and Holland. (Doc. No. 5 at 1–3.) Liberally construing the Amended Complaint in Plaintiff's favor, he alleges as follows:

On April 20, 2022, Plaintiff requested to have unspecified documents notarized by a notary public supplied by the Jail. (*Id.* at 12.) Sgt. Flippin told Plaintiff that "there were obstacles preventing her from performing those duties." (*Id.*) In May or June, Plaintiff filed a grievance on this issue. (*Id.*) A lieutenant told Plaintiff that Sgt. Flippin would contact Plaintiff, but "performing the duties of a Notary Public would be up to her." (*Id.*) Sgt. Flippin did not contact Plaintiff. (*Id.*) Plaintiff then asked Sgt. Collins to notarize unspecified documents. (*Id.*) Collins responded that Collins would not notarize documents that are handwritten or contain derogatory statements to the courts. (*Id.*) Collins told Plaintiff that Plaintiff should send the documents to his lawyer or family members to have the documents typed, after which Collins would "look at it." (*Id.*) On October 12, 2022, Plaintiff told Collins that he did not have a lawyer or a family member who could help. (*Id.*) And on October 19, 2022, Sgt. Holland told Plaintiff that "only typed legal documents will be notarized." (*Id.*)

B. <u>Legal Standard</u>

On initial review here, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

    C.    <u>Analysis</u>

The Amended Complaint is brought under 42 U.S.C. § 1983. (Doc. No. 5 at 3.) To state a Section 1983 claim, a plaintiff must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). Assuming without deciding that Plaintiff has satisfied the state-action requirement,[1] he still fails to state a Section 1983 claim because Defendants' alleged conduct did not deprive Plaintiff of rights secured by federal law.

As an initial matter, the Court notes that Plaintiff invokes several federal rights in a manner that is entirely unsupported by factual matter. (*See* Doc. No. 1 at 3 (asserting violations of "the First, 5th, 10th and 14th Amendment to the Constitution for the United States with Article I section 8 clause 8 and Article I Section 10 {impairment of contracts]"); *id.* at 5 (asserting that Plaintiff

---

[1] The state-action question is less clear in this case than in most other Section 1983 cases involving an inmate suing individuals who work at a jail or prison. Often, the allegations giving rise to inmate Section 1983 cases are based on the performance or non-performance of "fundamentally public functions" by jail or prison workers that are intrinsic to the carceral setting, such that it is not difficult to conclude that the workers are regarded as state actors under Section 1983. *See Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) ("It is well settled that private parties that perform fundamentally public functions, or who jointly participate with a state to engage in concerted activity, are regarded as acting 'under the color of state law' for purposes of § 1983." (quoting *Bartell v. Lohiser*, 215 F.3d 550, 556 (6th Cir. 2000))). But individuals do "'not act under color of state law solely by virtue of [their] relationship to the state,' instead, liability depends on the nature of [their] conduct." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 512 (6th Cir. 1996) (quoting *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1411 (5th Cir. 1995)). Here, Plaintiff alleges that Defendants acted under color of state law when they failed to notarize documents for him. In 1977, the Eastern District of Tennessee concluded that an individual conducting himself as a notary public in Tennessee acted under color or state law for the purpose of Section 1983. *See Krueger v. Miller*, 489 F. Supp. 321, 328–30 (E.D. Tenn. 1977); *see also In re Marsh*, 12 S.W.3d 449, 453 (Tenn. 2000) ("A notary is a public official of the state of Tennessee." (citing Tenn. Code Ann. § 8-16-102) (footnote omitted))). For the purpose of conducting this initial review, therefore, the Court will assume that Defendants acted under color of state law, though the Court need not ultimately decide this question because Plaintiff fails to state a claim under Section 1983 regardless.

"became a victim of viewpoint discrimination in violation of the First Amendment to the Constitution for the United States thereby limiting the general privilege").) These conclusory assertions of legal liability are insufficient to state a claim for relief. *See Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("[E]ven pro se complaints must satisfy basic pleading requirements. A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory." (citations omitted)).

As for the factual allegations that *are* presented in the Amended Complaint, inmates do not have a freestanding federal right to have documents notarized. *See Stephenson v. Gray Cnty. Sheriff Dep't*, No. 2:19-CV-222, 2020 WL 7391545, at *3 n.4 (N.D. Tex. Nov. 24, 2020), *report and recommendation adopted*, 2020 WL 7388964 (N.D. Tex. Dec. 16, 2020) ("To the extent Stephenson claims [Jail] Administrator Burns denied him access to a notary, he also cannot state a cognizable constitutional claim."); *Ham v. Sterling*, No. 6:16-cv-02555, 2017 WL 3484278, at *3 (D.S.C. Aug. 15, 2017) (noting that, even if the failure to notarize a prisoner's document violated a state prison policy, "a failure to so notarize would not constitute a violation of § 1983" because "[s]tate regulations can dictate how certain rights will be protected, but they cannot create additional rights protected by federal law or the Constitution"); *Robinson v. Conner*, No. 2:12-CV-397, 2012 WL 2358955, at *4 (M.D. Ala. May 31, 2012), *report and recommendation adopted*, 2012 WL 2359879 (M.D. Ala. June 20, 2012) ("Plaintiff has no . . . constitutional right of access to a notary public."). Defendants' alleged refusal to notarize Plaintiff's unspecified documents, therefore, did not deprive Plaintiff of a right secured by federal law.

In theory, a jailer's refusal to provide notary services for an inmate could implicate the inmate's First Amendment right to access the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("That inmates have a well-established constitutional right to access the courts,

based in part on the First Amendment, is clear."). But "[b]ecause the right of access is 'ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court,' a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (*Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he complaint should state the underlying claim . . . just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher*, 536 U.S. at 417–18 (citation and footnote omitted). Moreover, "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims *only*." *Thaddeus-X*, 175 F.3d at 391 (emphasis added).

Here, Plaintiff does not allege that the documents he asked Defendants to notarize were intended to be used in pursuit of a legal claim, much less allege that the failure to get them notarized resulted in prejudice to a direct appeal, habeas case, or civil rights claim. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) ("Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004))). Indeed, Plaintiff does not provide any information about these documents whatsoever. Accordingly, Plaintiff fails to state an access-to-courts claim based on Defendants' alleged refusal to notarize documents.

## II. Conclusion

For these reasons, this case is **DISMISSED** for failure to state a claim for relief. The Court also **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1)(C).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE